IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALEXIUS M. HILL                                                                                        PLAINTIFF

v.                              Civil No. 4:16-cv-04033

JUDGE KIRK JOHNSON; MEDICAL
STAFF OF THE BI-STATE JUSTICE
BUILDING; NURSE BRITTNEY COOKSY;
CLASSIFICATION OFFICER Y. MORGAN;
MEDICAL STAFF OF BOWIE COUNTY
CORRECTIONAL CENTER; MATT STEVENS;
and BYRON GRIFFIE                                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Alexius M. Hill filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 15, 2016. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff filed his original Complaint on April 15, 2016. ECF No. 1. That same day I entered an Order directing Plaintiff to submit an Amended Complaint by April 29, 2016 listing separately each individual he contends violated his federal constitutional rights. ECF No. 3. Plaintiff filed his Amended Complaint on April 22, 2016. ECF No. 6.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**A. BACKGROUND**

According to Plaintiff's Amended Complaint, between October 1, 2015 and December 22, 2015, Plaintiff was apparently incarcerated in the Bi-State Justice Center ("BSJC") and the Bowie County Correction Center ("BCCC"). Plaintiff's address of record indicates he is now incarcerated in the Miller County Detention Center ("MCDC"). Plaintiff has named the following Defendants in this lawsuit: Miller County, Arkansas Circuit Judge Kirk Johnson, Brittney Cooksy a nurse with MCDC, Y. Morgan a classification officer with MCDC, Byron Griffie an officer with MCDC, Plaintiff's Public Defender Matt Stevens, BSJC's Medical Staff, and BCCC's Medical Staff. ECF No. 6.

Plaintiff claims Defendant Judge Kirk Johnson wrongfully denied a review of his criminal case and also complains of his incarceration while awaiting trial. With respect to his Public Defender Matt Stevens, Plaintiff claims he failed to get him a bond reduction and refused to listen to Plaintiff's instructions regarding his criminal case. Plaintiff alleges he was denied medical care by Defendants Brittney Cooksy and Y. Morgan during his incarceration at MCDC. Plaintiff also claims Byron Griffie with MCDC has prevented him from contacting his attorney.

Plaintiff also alleges he was denied medical care by the medical staffs of the BSJC and the BCCC. Plaintiff has not made specific allegations against any individuals with the BSJC or the BCCC despite this Court's Order to do so. ECF No. 3.

**B. APPLICABLE LAW**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state

a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

    1.  Judge Kirk Johnson

With respect to Judge Johnson, in the Amended Complaint it appears Plaintiff is challenging the validity of his charges for robbery, gang related activity, denial of bond, institution of fines, and the fact he is still confined on these charges awaiting a trial date. Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement in the MCDC and his claims relating to the validity of his criminal charges fail to state cognizable claims under § 1983.

In addition, judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear

absence of all jurisdiction") (internal citations omitted). Plaintiff has failed to allege any action by Judge Johnson that was non-judicial or taken without jurisdiction. Accordingly, Judge Johnson is immune from suit.

    2. Public Defender Matt Stevens

Public Defender Matt Stevens is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Public Defender Stevens was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Public Defender Matt Stevens.

    3. Claims against the medical staff at the BCCC and the BSJC.

Plaintiff has failed to name any individual person at the BCCC or the BSJC. He only refers to "Medical Staff". ECF No. 6. Consequently, his Amended Complaint is against the BCCC and the BSJC. Facilities such as these are buildings not persons or legal entities subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989). Consequently, Plaintiff's claims against the BCCC and the BSJC will

be dismissed without prejudice.  In the event Plaintiff desires to refile a case against individuals at these facilities he is directed to file the action, against the individuals he alleges responsible for denial of medical care, in the United States District Court, Eastern District of Texas.  *See* 28 U.S.C. § 1406(a).[1]

**C. CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Amended Complaint (ECF No. 6) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a) against Defendants Judge Kirk Johnson and Public Defender Matt Stevens.  Plaintiff's claims against the medical staffs of the BSJC and the BCCC are **DISMISSED** without prejudice.  The claims against Defendants Brittany Cooksy, Y. Morgan, and Byron Griffie shall proceed.  A separate Order of Service for these Defendants shall be issued.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 18th day of May 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.*