IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALEXIUS M. HILL          PLAINTIFF

v.      Civil No. 1:16-cv-04033

JUDGE KIRK JOHNSON; MEDICAL
STAFF OF THE BI-STATE JUSTICE
BUILDING; NURSE BRITTNEY COOKSY;
CLASSIFICATION OFFICER Y. MORGAN;
MEDICAL STAFF OF BOWIE COUNTY
CORRECTIONAL CENTER; MATT STEVENS;
and BYRON GRIFFIE          DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Alexius M. Hill filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 15, 2016. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is a Motion to Dismiss filed by Defendant Cooksy. ECF No. 10. After careful consideration, I make the following Report and Recommendation.

### BACKGROUND

Plaintiff filed his original Complaint on April 15, 2016. ECF No. 1. That same day I entered an Order directing Plaintiff to submit an Amended Complaint by April 29, 2016 listing separately each individual he contends violated his federal constitutional rights. ECF No. 3. Plaintiff filed his Amended Complaint on April 22, 2016. ECF No. 6. The claims against Defendants Johnson, Stevens, Bowie County Correctional Center and Bi-State Justice Building were dismissed pre-service (ECF Nos. 7, 14) leaving only the claims against Defendants Brittany

1

Cooksy, Y. Morgan, and Byron Griffie.

Plaintiff alleges he was denied medical care by Defendant Brittney Cooksy during his incarceration at the Miller County Detention Center ("MCDC"). In his Amended Complaint he states "I have to get on the top rack with broken ribs the whole time sence I have been in their custody in pain not being able to breath not being able to sleep barely could walk or anything and they have been refusing me medical care and things for pain". ECF No. 6.

## APPLICABLE LAW

Fed. R. Civ. P. 12 (b)(6) provides a motion to dismiss should be granted on a plaintiff's claim if he "fail[s] to state a claim upon which relief can be granted." A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2001). In determining whether to dismiss this action under Rule 12 (b)(6), the Court will assume the facts alleged in Plaintiff's Complaint are correct and will draw reasonable inferences from the facts in favor of the allegations in the Complaint. *Turner v. Holbrook,* 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.,* 299 F.3d 735, 738 (8th Cir. 2002).

## DISCUSSION

In her Motion to Dismiss (ECF No. 11), Defendant Cooksey states at all times relevant, she was an employee of Southern Health Partners, Inc. ECF No. 11. She correctly points out Plaintiff has indicated in his Amended Complaint he is only suing Defendant Cooksey in her official capacity. She argues Plaintiff has failed to allege any facts to show that an official institutional policy or custom of Southern Health Partners, Inc. was unconstitutional, or that it was a moving force behind any alleged harm. ECF No. 11.

Federal Rule of Civil Procedure 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

Plaintiff alleges he was denied medical care and pain medication by Defendant Cooksy during his incarceration at the MCDC. He also claims he was forced to sleep on the top rack with broken ribs which caused him to have difficulty breathing and suffer pain. ECF No. 6. While Plaintiff does not specifically allege this conduct was motivated by a policy or custom of the MCDC or Southern Health Partners, Inc., his allegations do amount to a reasonable inference of same. Construing his Complaint liberally and accepting the allegations in Plaintiff's Complaint as true, as I must at this stage, I find Plaintiff's Complaint contains sufficient factual matter to state a claim for relief against Defendant Cooksey in her official capacity that is plausible on its face.

## CONCLUSION

For the foregoing reasons, I recommend Defendant Brittany Cooksey's Motion to Dismiss (ECF No. 10) be **DENIED.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 4th day of August 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE