IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALEXIUS M. HILL                                                                                    PLAINTIFF

V.                              CASE NO. 4:16-CV-04033

NURSE BRITTNEY COOKSY;
CLASSIFICATION OFFICER
Y. MORGAN; and BYRON GRIFFIE                                                      DEFENDANTS

**ORDER**

Before the Court is Defendant Brittany Cooksey's Motion to Dismiss. ECF No. 28. Plaintiff has not responded. The Court finds this matter ripe for consideration.

Plaintiff filed his original Complaint on April 15, 2016. ECF No. 1. He filed an Amended Complaint on April 22, 2016. ECF No. 6. The only claims remaining in this case are against Defendants Brittany Cooksey, Y. Morgan, and Byron Griffie.[1] On March 29, 2017, Defendant Cooksey filed a Motion to Dismiss (ECF No. 28) stating mail sent to Plaintiff at 291 County Road 3161, Clarksville, Arkansas 72830 was returned to Defendant Cooksey on February 27, 2017, and again on March 2, 2017. Defendant also states that she served several discovery requests on Plaintiff at ADC-North Central Unit, 10 Prison Circle, Calico Rock, Arkansas 72519, and that on March 1, 2017, the package was returned marked "*Return to Sender, Refused, Unable to Forward*." ECF No. 28. Defendant argues Plaintiff's Complaint

---

[1] Plaintiff initially named Judge Kirk Johnson; the Medical Staff of the Bowie County Correctional Center and Bi-State Justice Building; and Matt Stevens, Plaintiff's Public Defender, as additional defendants in this case. On May 18, 2016, the Honorable Barry A. Bryant, United States Magistrate Judge, entered a Report and Recommendation recommending these defendants be dismissed. On July 1, 2016, the Court adopted the Report and Recommendation *in toto*, dismissing Plaintiff's claims against these defendants. ECF No. 14.

should be dismissed because of his "blatant disregard of this Court's procedures and rules." ECF No. 29.

Plaintiff's last communication with the Court was September 12, 2016, when he notified the Court that he had been transferred to the Arkansas Department of Correction – North Central Unit, 10 Prison Circle, Calico Rock, Arkansas 72519. ECF No. 20. On February 22, 2017, mail sent to Plaintiff by the Court was returned as undeliverable. Based on research by the Court, the Clerk was directed to change Plaintiff's address of record to 291 County Road 3161, Clarksville, Arkansas 72830. On March 8, 2017, mail sent to Plaintiff from the Court was again returned as undeliverable.[2]

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

---

[2] Plaintiff was notified by Court Order on numerous occasions that failure to inform the Court of any change of address could result in the dismissal of this case. *See* Order dated April 15, 2016 (ECF No. 3), Text Only Order dated September 8, 2016, and Text Only Order dated February 22, 2017.

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to prosecute this matter and has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendant Cooksey's Motion to Dismiss (ECF No. 28) should be and hereby is **GRANTED** and Plaintiff's claims as to all Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 13th day of April, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge